ELLISON et al. v. HEALY.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

PLEADING—BILL OF PARTICULARS—SUFFICIENT DEFINITENESS.

In an action on notes, where defendant alleged failure of consideration, in that cloth for which the notes were given, and which was warranted to be of fast, true, and durable colors, proved to be unmarketable by reason of not being of fast colors, an order requiring defendant to serve a bill of particulars stating' the date of the agreement to purchase and date of the purchase, and the quantity, quality, style, and proper description of the goods he agreed to purchase and purchased as set out in different paragraphs of the answer, was erroneous, as requiring too great particularity.

Appeal from special term, New York county.

Action by Rodman B. Ellison and others against James B. Healy. From an order requiring defendant to serve a bill of particulars, he appeals. Modified.

Plaintiff brought action for goods sold and delivered and on three promissory notes given in part payment for such goods. The complaint alleged the sale, and the delivery of the notes, and that no part of the price of the goods or the notes had been paid. In the first paragraph of the defendant's answer he admitted that he agreed to purchase certain goods, consisting of cloth, of the plaintiff, and in the third paragraph alleged that the consideration for the notes had failed, in that they were given in the purchase of cloth for use in defendant's business as a tailor, and that plaintiffs had warranted the cloth to be of fast and durable colors, and marketable in every respect, while it proved to be unmarketable by reason of not being of fast colors, but that a mere inspection would not disclose such defects. On motion of plaintiff the court ordered the defendant to serve a bill of particulars stating: (1) The date when the defendant agreed to purchase certain goods as alleged in paragraph 1 of said answer. (2) The quantity of goods which he agreed to purchase from the plaintiffs as set forth in said paragraph 1 of said answer. (3) The quality, style, and proper description of the goods which he agreed to purchase from the plaintiffs as alleged in paragraph 1 of said answer. (4) The date of the purchases as alleged in paragraph 3 of said answer. (5) The kind, quantity, and description of the cloth alleged to have been purchased in paragraph 3 of said answer.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frederick M. Evarts, for appellant.
William J. Barr, for respondents.

PER CURIAM. We think the order is too broad. The defendant should not be required to furnish the particulars specified in the paragraphs numbered from 1 to 5, inclusive. The order should accordingly be modified by striking these out, and, as so modified, affirmed, without costs.